## No. 9998.

### THE STATE OF LOUISIANA VS. ELOI DELUC BROUSSARD.

Proof of the disparity between the size and strength of the prosecutor and the accused, is inadmissible unless there has been a *prima facie* case of self defense laid by the defendant, or it has been preceded by proof that the accused was the attacking party.

The statement made by the trial judge in the bill of exceptions, must be our guide in determining a dispute as to what was the purport of an *oral charge delivered* by him, and of which the accused complains.

A motion for a new trial on the *sole* ground that the verdict is contrary to the law and evidence, will not receive any consideration at our hands.

APPEAL from the Twenty-fifth District Court, Parish of Vermilion. *DeBaillon*, J.

*M. J. Cunningham*, Attorney General, and *R. C. Smedes*, District Attorney, for the State, Appellee.

*J. A. Chargois* and *O. C. & J. Mouton* for Defendant and Appellant.

### I.

The opinion of the Court was delivered by

WATKINS, J. The defendant, Eloi Broussard, was tried and found guilty of inflicting a wound less than mayhem, with intent to kill, upon the person of one Columbus Broussard, and sentenced to two years imprisonment in the State penitentiary. From this verdict and judgment he has appealed. The matter complained of by him are set forth in several bills of exceptions to the refusal of the judge to allow certain testimony of the witnesses to go to the jury; and one bill of exceptions to the charge given by the judge to the jury. The testimony sought to be introduced was listened to by the judge *a quo* out of the presence and hearing of the jury. This testimony was offered to prove: first, that Columbus Broussard was a man of more strength than Eloi Broussard, the accused, in order to justify the wounding; secondly, to prove that Columbus Broussard, the party wounded, inflicted a wound with a brick-bat upon the accused, *after* he, Columbus Broussard, had been wounded by Eloi Broussard; and that, after inflicting the blow upon Eloi Broussard, he, Columbus Broussard, went into his house to get his gun.

To determine whether or not the judge *a quo* ruled correctly in refusing to allow evidence, showing that in this case the party wounded by the accused was a man of more strength than the accused, or a man of vicious character to go to the jury, we must first find out under what circumstances the law permits such evidence to go to juries.

The decisions are clear that a party, in order to introduce evidence

as to the character or disparity in size and strength, must lay a proper foundation, and show that at the time he, the accused inflicted the wound as charged, he was attacked by the wounded party.

On this question Wharton says: "In England we have no authority direct to this particular point. Intimations, however, from eminent judges would lead us to believe that evidence would not be refused when there is a *prima facie* case of self-defense laid by the defendant." Whar. on Hom., p. 503, sec. 607.

The same learned author says: "The general principle then is this: not that it is lawful cooly to attack and kill a person of ferocious and blood-thirsty character, for it is as much murder in such manner to kill the most desperate of men as to kill the most inoffensive; but that, whenever it is shown that a person *honestly believed himself attacked*, it is admissible for him to put in evidence whatever could show the *bona fide* of his belief. Whar. Crim. Ev., sec. 69.

These principles have been crystalized into our jurisprudence. 30 Ann. 679, State vs. Burns; 32 Ann. 1177, State vs. Vance; 33 Ann. 1087, State vs. Jackson,; 35 Ann. 71, State vs. Claude; 36 Ann. 148, State vs. Watson. 37 Ann. 644, State vs. Janvier; 38 Ann. 20, State vs. Spell.

The trial judge furnishes a statement of the facts proved on this point, viz:

"Columbus Broussard, seeing that the accused had been drinking, replied: 'Deluc, you had better get in your buggy and go home, and leave me in peace.' Numa Menux then again requested the accused to come on with him. Accused stepped back as if he would leave the place, but immediately returned and *shoved* Columbus Broussard against the yard gate, nearly throwing (him) down to the ground—the yard gate arresting his fall. As soon as he (Columbus Broussard) recovered himself, he faced (the) accused. Both then advanced simultaneously on each other with uplifted hands, Columbus Broussard striking *at* (the) accused on his left shoulder with his naked fist, while (the) accused *plunged a knife into Columbus Broussard's side.*"

Further: "I ruled out evidence going to show that *after* he had been stabbed, Columbus Broussard had run off, stopped, stooped, picked up a brick, and struck accused with it, and then went into his house and got his gun."

His ruling was in exact conformity with the authorities we have cited.

All of this evidence was irrelevant, as it definitely related to transactions occurring *after* the conflict was over. Such evidence could only apply to a charge preferred against Columbus Broussard.

Another bill was reserved to that part of the judge's charge, which was delivered to the jury orally. He delivered a charge to the jury in writing, and which is included in the transcript; and in addition he gave them the additional oral charge, viz:

"Gentlemen, your verdict must be unanimous. You must all agree upon it. That verdict may be one of 'Guilty' or "Not Guilty." You cannot separate. You must remain together in charge of the sheriff.' You may appoint one of your number to act as your foreman, and who will deliver your verdict, should you agree to one. If you agree, or, if you desire further instructions, you will inform the court, through the sheriff."

The judge further states, officially, in the bill, that this is the only part of the charge which was given orally. "If I committed an error in this case, I want it righted; but I *emphatically and distinctly disclaim that I delivered the charge* which counsel say I did."

The counsel for the accused incorporated into his bill what he claims was the substance of the *oral* charge he complains of as trenching on the facts proved on the trial.

We must take, as our guide, the statement of the judge, made over his official signature, affixed to the *very* bill of exceptions on which defendant relies for the reversal of his ruling.

The record is our safest and only guide. It was the plain duty of counsel to have promptly interposed his objections to the charge when it was given, and at that time caused the bill to be signed.

We cannot consider the charge counsel has appended in his bill in *direct opposition* to the judge's certificate of its incorrectness. 45 Ann. 770; State vs. Riculfe & McClung.

A motion for a new trial on the *sole* ground that the verdict is contrary to law and evidence is not entitled to notice in this court. 38 Ann. 301, State vs. Joseph Smith.

We think the accused is without just ground of complaint.

Judgment affirmed.